**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Perfecto Contreras Flores,

Petitioner,

v.

Eric Rokosky, et al.,

Respondents.

No. CV-26-06819-PHX-KML

**ORDER**

This court previously granted an immigration habeas petition filed by petitioner Perfecto Contreras Flores, ordering that he be given a bond hearing.[1] *See Flores v. Rokosky*, 2:26-cv-03712-PHX-KML-ASB, Doc. 7 (D. Ariz. June 4, 2026). Respondents complied with the order and Flores received a bond redetermination hearing on June 10, 2026. *Id*. at 9. Approximately three months after the immigration judge ("IJ") denied bond, Flores filed a second petition arguing respondents violated the due process clause and Administrative Procedure Act when they took him into custody without pre-deprivation notice. (Doc. 1 at 7.) Because Flores has not met his burden of showing he is entitled to a writ of habeas corpus, the second petition is denied. *See Lambert v. Blodgett*, 393 F.3d 943, 969 n.16 (9th Cir. 2004) ("In . . . federal habeas proceedings, it is the petitioner who bears the burden of proving his case.").

First, a bond hearing is the appropriate remedy for the constitutional violations Flores alleges. *See Padilla v. United States Immigr. & Customs Enf't*, --- F.4th -----, 2026

[1] The immigration judge sometimes used female pronouns to refer to Flores. (*E.g*. Doc. 6-1 at 2.) This court uses the same pronouns as its prior order.

WL 2822044, at *18 (9th Cir. 2026) (describing the "long history" of substantive due process limitations on the government's ability to detain people, including "the widespread availability of bail" and "judicial review of the legality of confinement"). Flores received such a hearing (Doc. 6-1 at 2-3) and makes no arguments related to deficiencies at it. This court could not reweigh evidence bearing on flight and danger and sees no legal "red flags" in the bond decision to review. *See Martinez v. Clark*, 124 F.4th 775, 785 (9th Cir. 2024) (in the context of a dangerousness determination, federal courts "cannot reweigh evidence," "can only determine whether the [immigration court] applied the correct legal standard," and in the absence of "red flags" will "take [immigration courts] at [their] word.").

Respondents invoke Flores's failure to exhaust by appealing the bond denial to the Board of Immigration Appeals as an additional reason for denying the petition. (Doc. 6 at 1-3.) Flores reserved appeal of the IJ's bond denial but seemingly concedes he did not appeal. (Docs. 6-1 at 3; 7 at 2-3.) The court declines to excuse exhaustion and that provides a final, independent reason for dismissing the petition. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (When a petitioner has not appealed an IJ's bond decision to the BIA, "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused."); *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007).

Accordingly,

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is denied and dismissed. Any remaining pending motions are denied as moot. The clerk of court shall enter judgment in respondents' favor and close this case.

Dated this 4th day of November, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**